UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVIER RODRIGUEZ CORDOVA,

    Petitioner,

-vs-                                      Case No. 6:12-cv-1862-Orl-19TBS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11). Petitioner filed a reply (Doc. No. 14) to the response.

Petitioner alleges one claim for relief in his habeas petition: his conviction for "trafficking controlled substance more than 14>28 grams" should be vacated because section 893.13, Florida Statutes is unconstitutional as a result of the decision in *Shelton v. Sec'y, Dep't of Corrs.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) (hereinafter referred to as "*Shelton I*").

Petitioner argues in his habeas petition that he is serving a sentence of "10 years followed by 34 months," and he asserts that his conviction violates his "fourth, fifth, sixth and fourteenth amendment" rights based on the holding in *Shelton I*.[1] In *Shelton I*, the district court found, among other matters, that section 893.13, Florida Statutes violated due process and was unconstitutional on its face.

However, the Eleventh Circuit Court of Appeals subsequently entered an opinion reversing *Shelton I* on the basis that there had been no showing that the Florida courts unreasonably applied clearly established federal law by upholding the statute. *See Shelton v. Sec'y Dep't of Corrs.*, 691 F.3d 1348 (11th Cir. 2012) (hereinafter referred to as "*Shelton II*"). Thus, the district court's decision in *Shelton I* affords Petitioner no benefit because that decision was reversed on appeal in *Shelton II*. Since there is no basis for relief in this case, the instant petition must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Javier Rodriguez Cordova is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if

---

[1] Florida's Comprehensive Drug Abuse Prevention and Control Act provides that, except as otherwise authorized, "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance" or "to be in actual or constructive possession of a controlled substance." § 893.13(1)(a), (6)(a), Fla. Stat. Violations range from misdemeanor offenses to first-degree felonies. § 893.13(1)-(2), Fla. Stat.

the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this _31st__ day of May, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 12/11
Counsel of Record
Javier Rodriguez Cordova